**Maxim Nikolov AVRAMOV, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70058.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

Maxim Nikolov Avramov, Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., John D. Williams, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Maxim Nikolov Avramov, a native and citizen of Bulgaria, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's denial of his motion to reopen deportation proceedings. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222–23 (9th Cir.2002). We review for abuse of discretion the denial of a motion to reopen, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and review de novo claims of ineffective assistance of counsel, *Dearinger v. Reno*, 232 F.3d 1042, 1044–45 (9th Cir.2000). We grant the petition.

The BIA abused its discretion in concluding that Avramov failed to comply with

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the threshold procedural requirements for a motion to reopen on the basis of ineffective assistance of counsel, and that he was not prejudiced by attorney error. Avramov substantially complied with those requirements and the legitimacy of his claim was "plain on the face of the administrative record." *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 824–25 (9th Cir.2003). At a minimum, Avramov was prejudiced by his prior counsel's untimely filing because counsel's error caused Avramov to lose voluntary departure. *See Rojas–Garcia,* 339 F.3d at 827; *see also Dearinger,* 232 F.3d at 1045 (failure to file a timely appeal creates a presumption of prejudice).

We remand to the BIA to grant Petitioner's motion to reopen.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.